### In re WEINER et al.
### No. 21556.

District Court, E. D. Pennsylvania.
March 30, 1942.

Max Fisher, of Reading, Pa., for bankrupt.

Levi, Mandel & Miller, of Philadelphia, Pa., for Samuel Brilliant Co., a creditor.

MOORE, District Judge.

This case is before the Court upon a certificate of review of a finding by the referee that the bankrupts are not entitled to a discharge in bankruptcy and an order denying such discharge.

The refusal of the referee to grant the discharge is based upon a shrinkage of assets in the amount of $18,629.97 during a period of approximately one year. The bankrupts argue that the finding of the referee was based on insufficient evidence in view of the fact that bankrupts' books were not produced at the hearing although they were in the hands of the trustee in bankruptcy. The bankrupts themselves testified orally and were unable to give any logical explanation of the large shrinkage in assets. The question the Court is called upon to answer is whether or not upon the state of facts presented here, the burden was upon the bankrupts to produce the books (if they felt that by that means the shrinkage could be explained)· or did the burden rest upon the objecting creditor, the books being as stated in the hands of the trustee.

I am of opinion that a case was made out by the objecting creditor and that the burden of proof was upon the bankrupts to explain the shrinkage to the satisfaction of the referee and the Court. They having failed to do so, the order of the referee denying discharge must stand.

For the purpose of this opinion, I adopt the findings of fact and conclusions of law stated by the referee in the order denying discharge.

An order may be entered in accordance with this opinion.